1  Balam O. Letona, Esq. (Cal. Bar No. 229642)
   Law Office of Balam O. Letona, Inc.
2  55 River Street, Ste. 220
   Santa Cruz, CA 95060
3  Telephone: (831) 421-0200
   Facsimile:  (831) 421-0400
4  letonalaw@gmail.com
5
   Attorney for Plaintiffs:
6  Alex and Maria Lopez
7
                 **IN THE UNITED STATES DISTRICT COURT**
8                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  ALEX LOPEZ AND MARIA MIREYA MENDOZA LOPEZ, | **Case No. 15-cv-00759 BLF** |
| 11 | **FIRST AMENDED COMPLAINT FOR** |
| 12                Plaintiff, | **DAMAGES** |
| 13                vs. | JURY TRIAL DEMANDED |
| 14  ONEWEST BANK, N.A., OCWEN LOAN SERVICING LLC, EQUIFAX INFORMATION SERVICES LLC. and  DOES 1-10. | |
| 15 | |
| 16                Defendants. | |

17                    **I. INTRODUCTION**

18      1.   On June 13, 2012, the United States Bankruptcy Court granted a Chapter 13

19 discharge to plaintiffs Alex and Maria Lopez. On that day the plaintiffs discharged and

20 avoided a mortgage lien owned and serviced by defendant OneWest Bank, N.A.,

21 ("OneWest"). On August 1, 2012, a judgment by the bankruptcy court voiding the OneWest

22 lien was filed with the Santa Cruz County Recorder's Office.

23      2.   Despite the discharge and judgment, OneWest has continued to furnish false,

24 inaccurate and damaging credit information to the credit bureaus about plaintiffs Alex and

25 Maria Lopez. As of February 20, 2015, plaintiffs' Equifax Information Systems LLC.

26 ("Equifax") credit reports account list the OneWest account with continuing delinquencies of

27                                   1

28 _____
                **FIRST AMENDED COMPLAINT FOR DAMAGES**

180 days and account balances of over $96,000 occurring in months and years post-discharge and past due amounts ranging from $39,000 to over $48,000 for each month between February 2013 to December 2013. And, with respect to Maria Lopez, OneWest does not list the account as disputed. Finally, the OneWest account is not listed as discharged. All of this is false and inaccurate.

3. Long ago Equifax and OneWest should have corrected their errors. Since February 23, 2013, by written letter and telephone calls plaintiffs repeatedly disputed the inaccurate reporting to OneWest and the consumer reporting agency Equifax Information Systems LLC. ("Equifax"). Nonetheless, OneWest continues to furnish and co-defendant Equifax continues to report false, incomplete and inaccurate credit information.

4. In 2014, defendant Ocwen Loan Servicing LLC ("Ocwen") began furnishing similar false and inaccurate mortgage information to Equifax even though plaintiffs had no banking or credit relationship with Ocwen. Plaintiffs never owed Ocwen any money and Ocwen never had a security interest in plaintiff's property. Plaintiffs disputed the false information to Ocwen and Equifax, but Ocwen continues to furnish and Equifax continues to report false and inaccurate credit report information.

5. Additionally, during this time OneWest and Ocwen reviewed plaintiffs' credit reports multiple times without their permission. Despite plaintiffs' best efforts, the defendants have ignored plaintiffs and have forced them to bring this lawsuit to end their invasive and illegal conduct.

6. Ocwen knows it must correct inaccurate reports to consumer reporting agencies and follow California laws. In December 2013, Ocwen agreed to do that when it entered into a consent judgment with the State of California and the Consumer Financial Protection

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Bureau[1]. And, in January 2015 California threatened to suspend Ocwen's mortgage license in California because it refused to comply with California regulators request for consumer files to ensure compliance with the law[2].

7.   As a result of defendants unlawful acts and omissions, plaintiffs' privacy has been invaded, they have suffered emotional distress including, loss of concentration at work, sleeplessness, marital instability, depression, stress, fear, embarrassment, headaches, helplessness, vomiting, credit turn downs and crying fits amongst other negative emotions and damages.

## II. FACTS

8.   In March 2009, plaintiffs experienced financial difficulty and filed a Chapter 13 bankruptcy. Included in their bankruptcy was a mortgage owned and serviced by OneWest's predecessor IndyMac Bank[3]. On May 20, 2009, OneWest filed a proof of claim with the bankruptcy court substituting its name for IndyMac Bank. The OneWest debt was a junior mortgage that at the time of plaintiffs' bankruptcy secured a lien on their personal residence in Watsonville, CA.

9.   On November 9, 2009, the OneWest lien was valued at zero by the bankruptcy court. Later, on June 13, 2012, the plaintiffs received a discharge pursuant to the bankruptcy code and the OneWest lien was voided. A judgment was entered by the bankruptcy court on July 6, 2012 voiding the entire Onewest lien. Then on August 1, 2012, that document was

---

[1] http://www.consumerfinance.gov/newsroom/cfpb-state-authorities-order-ocwen-to-provide-2-billion-in-relief-to-homeowners-for-servicing-wrongs/

[2] http://www.dbo.ca.gov/Press/press_releases/2015/Ocwen%20Settlement%20Announcement%2001-23-15.pdf

[3] OneWest acquired the assets of IndyMac Bank from the FDIC in March 2009.

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   recorded with the Santa Cruz County Recorder's Office. A true and correct copy of the order

2   valuing the lien, judgment voiding the lien and filing with the county is attached as **Exhibit 1**.

3   Defendant OneWest, its CEO and its attorneys were served copies of the above documents at

4   the time they were filed.

5   **Onewest Bank Reports False & Inaccurate Information to Equifax**

6   10.  After the June 13, 2012, bankruptcy discharge OneWest began to furnish false and

7   inaccurate information to Equifax despite knowing that plaintiffs owed it nothing.

8   11.  On or about February 19, 2013, plaintiffs obtained a copy of their credit report that

9   showed Equifax reporting an existing OneWest mortgage balance of over $96,000 and failing

10   to note the account as discharged in bankruptcy.

11   **2013 Disputes With OneWest and Equifax**

12   12.  On or after February 23, 2013, plaintiffs sent written notice to Equifax that they

13   disputed the OneWest account information as being false and inaccurate. On information and

14   belief, Equifax notified OneWest of plaintiffs' February 23rd dispute as required by the Fair

15   Credit Reporting Act, 15 U.S.C.A. § 1681i(a)(2). OneWest verified the inaccurate account

16   information and Equifax failed and refused to correct their reporting. OneWest continued to

17   furnish false, incomplete and inaccurate information to Equifax, including furnishing an

18   existing mortgage balance of over $96,000, past due amounts of over $40,000, reporting

19   continuing delinquencies of 180 days in months post-discharge, and failing to note the debt as

20   disputed and discharged in bankruptcy.

21   13.  Plaintiffs' turned to their bankruptcy attorney for assistance. In dispute letters

22   dated from August 2013 – November 2013, plaintiffs notified Equifax and OneWest that

23   plaintiffs had declared Chapter 13 bankruptcy, that the OneWest lien had been voided and

24   demanded that the OneWest account be corrected. OneWest was told that the loan was

25   discharged in bankruptcy. The dispute letters included copies of the bankruptcy case notice

26   and the judgment voiding the lien. This information alone warranted that Equifax remove the

27                                           4

28   **FIRST AMENDED COMPLAINT FOR DAMAGES**

inaccurate information from its system.  On information and belief, when Equifax received plaintiffs disputes it notified OneWest of these dispute as required by 15 U.S.C.A. § 1681i(a)(2). In response to those disputes, on information and belief, OneWest verified the false, incomplete and inaccurate account information and Equifax failed and refused to correct its reporting.

14.  Among other things, Equifax sent plaintiffs the results of its investigation. Maria Lopez's November 24, 2013, credit report shows that Equifax reported and OneWest verified in months and years post-discharge the OneWest mortgage account is still open, the plaintiff still owes an existing balance of over $90,000, and the account has an existing past due amount of $47,000.

15.  Alex Lopez's November 25, 2013, credit report shows Equifax reported and OneWest verified continuing delinquencies of 180 days occurring in months and years post-discharge. In neither of plaintiffs' Equifax credit reports did OneWest report the account as disputed and the account is not listed as discharged in bankruptcy.

16.  All of this is false, incomplete and inaccurate. Plaintiffs could not continue to be past due, owe a balance, have continuing delinquencies or still have an open OneWest mortgage, because the OneWest mortgage was discharged, the lien was voided and plaintiffs owed OneWest nothing.

**2014 Disputes With OneWest and Equifax**

17.  In 2014, plaintiffs obtained a copy of their Equifax credit report. Plaintiff Maria Lopez's April 7, 2014, Equifax credit reports shows the OneWest account as having continuing delinquencies of 180 days occurring in months and years post-discharge, that she owes an existing balance over $96,000 and a past due amount of over $48,000.

18.  Plaintiff Alex Lopez's March 6, 2014, Equifax credit report shows the OneWest account as having continuing delinquencies of 180 days occurring in months and years post-discharge. In neither April or March 2014 credit report, is the OneWest account listed as

5

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    discharged and disputed.

2         19.  In September 2014, plaintiffs disputed the information appearing on their 2014

3    Equifax credit reports. They again sent dispute letters to Equifax and OneWest. The letter

4    demanded that the OneWest account be corrected, reminded defendants that plaintiffs

5    obtained a discharge in June 2012, that the OneWest lien had been voided and that OneWest

6    account cannot report delinquencies and a balance post-discharge after the June 2012

7    discharge. The letter included copies of the judgment voiding the OneWest lien. On

8    information and belief, when Equifax received plaintiffs disputes it notified OneWest of these

9    dispute as required by 15 U.S.C.A. § 1681i(a)(2).

10        20.  In response to the September 2014 dispute, OneWest verified the account

11   information. Equifax sent plaintiffs the result of its investigation to plaintiffs in October 2014

12   wherein it states the OneWest account is "included in bankruptcy" and it has continuing

13   delinquencies of 180 days for months and years after discharge and the OneWest account is

14   not listed as discharged. And, with respect to Maria Lopez, OneWest does not list the account

15   as disputed.

16        21.  Both Equifax and OneWest failed to conduct a reasonable investigation into all of

17   plaintiffs' disputes, beginning with the February 23, 2013 disputes to the present.

18        22.  Throughout 2013 and 2014, plaintiffs spoke with Onewest and Equifax on

19   different occasions disputing the false and inaccurate OneWest information appearing on their

20   credit reports.

21   **February 20, 2015 Equifax Credit Reports**

22        23.  On February 20, 2015, plaintiffs obtained a copy of their Equifax credit reports.

23   The credit reports show OneWest furnishing and Equifax reporting continuing delinquencies

24   of 180 days and account balances of over $96,000 occurring in months and years post-

25   discharge and past due amounts ranging from $39,000 to over $48,000 for each month

26   between February 2013 to December 2013. And, with respect to Maria Lopez, OneWest does

27                                              6

28                      **FIRST AMENDED COMPLAINT FOR DAMAGES**

1   not list the account as disputed. Finally, the OneWest account is not listed as discharged. All

2   of this is false and inaccurate.

3   **Ocwen Contacts Plaintiffs**

4          24.  On information and belief, Ocwen believes that by February 2014 it was allegedly

5   assigned and/or purchased the OneWest account, however, plaintiffs are unable to confirm

6   Ocwen's own belief or whether an assignment/purchase occurred.

7          25.  Soon after, Ocwen began to contact plaintiffs threatening foreclosure and urging

8   plaintiffs to contact Ocwen to discuss foreclosure alternatives. Ocwen demanded through a

9   series of letters that plaintiff's pay over $50,000 and failure to pay will result in Ocwen

10   reporting to the credit bureaus late and missed payments.

11          26.  Alex Lopez spoke with Ocwen and disputed that plaintiffs had an account with

12   Ocwen and informed Ocwen that the OneWest lien had been voided and discharged in

13   bankruptcy and that its loan doesn't exist.

14          27.  Plaintiffs never had an account or business relationship with Ocwen. Ocwen never

15   had a security interest and/or mortgage on plaintiffs personal residence. Plaintiffs owed

16   Ocwen nothing.

17          28.  On information and belief, when Ocwen was allegedly assigned and/or purchased

18   the OneWest account it knew that plaintiffs had filed a Chapter 13 bankruptcy and had

19   obtained a discharge in 2012.

20   **Ocwen Furnishes False Account Information to the Credit Reporting Agencies**

21          29.  In 2014, Ocwen began furnishing false account information concerning plaintiffs.

22          30.  Maria Lopez's April 7, 2014, Equifax credit report shows the Ocwen account as

23   open and existing, a current balance over $96,000, account status of delinquencies over 120

24   and 180 days as of February 2014, and a current past due amount of $52,605 past due. On

25   information and belief, Ocwen furnished the same information to Equifax with respect to

26   Alex Lopez.

27

28   **FIRST AMENDED COMPLAINT FOR DAMAGES**

31. Plaintiffs disputed the Ocwen mortgage account with Equifax and Ocwen. The letters demanded that the Ocwen account be deleted. The letters stated that plaintiffs never had an account with Ocwen, that they were never late or owed it money and that any claim of assignment from OneWest to Ocwen occurred after the Chapter 13 discharge. And, the letters included a copy of the judgment voiding the lien. On information and belief, Equifax notified Onewest of these dispute as required by 15 U.S.C.A. § 1681i(a)(2).

32. In response to plaintiffs dispute, Ocwen updated and verified the account information. Equifax sent plaintiffs the result of its investigation wherein it states the Ocwen account status is "included in a wage earner plan," includes an "Activity Designator" as "Paid and Closed" and "Date Closed 04/2014" and "Items as of Date Reported 10/01/2014." Finally, Ocwen failed to report the account as disputed.

33. On February 20, 2015, plaintiffs obtained a copy of their Equifax credit report. Ocwen continues to furnish and Equifax continues to report the same false, incomplete and inaccurate information. The status and reporting of the Ocwen account has not changed.

34. In addition, Ocwen notified plaintiffs in an October 17, 2014 letter that it had received "payoff funds in the amount $144,501.93 which were utilized to pay the loan in full" and had reported the Ocwen account to the credit reporting agencies as "Paid in Full."

35. Both Equifax and Ocwen failed to conduct a reasonable investigation into plaintiffs' dispute.

**Ocwen and OneWest Check Plaintiffs Credit Reports**

36. Ocwen obtained a copy of plaintiff Maria Lopez's consumer credit report through Experian on April 18, 2014.

37. Ocwen obtained a copy of plaintiff Alex Lopez's consumer credit report through Experian in 2014 on February 21st, March 30th, April 7th, April 9th, April 17th, and April 19th.

38. OneWest obtained a copy of plaintiff Alex Lopez's consumer credit report through Experian on February 10, 2014.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

39. Plaintiffs never gave Ocwen and OneWest permission to check their credit reports and Ocwen and OneWest did not have a permissible purpose to obtain and use their credit reports.

40. On information and belief, when Ocwen and OneWest entered into subscriber agreements with Equifax and Experian they certified the purposes for which they sought consumer reports and certified that the information would be used for no other purposes. 15 U.S.C. §1681e(a). In addition, Ocwen and OneWest are required to maintain reasonable procedures designed to limit the purposes for which each seek consumer reports and that the information would be used for only those purposes.

41. Various individuals whose names and capacities are presently unknown to plaintiffs obtained and user their consumer credit reports on or around the dates listed above, while acting for and within the scope of their business relationship with Ocwen and OneWest. Said individuals did not have a lawful purpose for obtaining and using plaintiffs' consumer credit reports and therefore their receipt and use of plaintiffs' consumer credit reports violated the FCRA.

42. As a result of defendants unlawful acts and omissions, plaintiffs' privacy has been invaded, they have suffered emotional distress including, loss of concentration at work, sleeplessness, marital instability, depression, stress, fear, embarrassment, headaches, helplessness, vomiting, credit turn downs and crying fits amongst other negative emotions and damages.

**III. JURISDICTION AND PARTIES**

43. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper pursuant to 15 U.S.C. § 1681.

44. Alex and Maria Mireya Mendoza Lopez ("Plaintiffs") are husband and wife who reside in Santa Cruz County.

9

**FIRST AMENDED COMPLAINT FOR DAMAGES**

45. Defendant OneWest Bank, N.A. (formerly known as OneWest Bank, FSB) is a federal savings bank with its principal place of business in Pasadena, California, ("OneWest or Defendant"). A significant portion, if not a majority, of OneWest's business operations are dedicated to servicing and collecting on mortgages. OneWest is an entity that is governed and restricted by the FCRA, and is regularly engaged in the business of assembling, evaluating, publishing and dispersing information concerning consumers credit to others. OneWest obtains and uses such consumer reports in the course of its business.

46. Defendant Ocwen Loan Servicing, LLC., is a mortgage servicer, ("Ocwen or Defendant") and a Delaware corporation with its headquarters in Florida. As a limited liability company, Ocwen's sole member is Ocwen Mortgage Servicing, Inc. A significant portion, if not a majority, of Ocwen's business operations are dedicated to servicing and collecting on mortgages. Ocwen is an entity that is governed and restricted by the FCRA, and is regularly engaged in the business of assembling, evaluating, publishing and dispersing information concerning consumers credit to others. Ocwen obtains and uses such consumer reports in the course of its business.

47. Defendant Equifax Information Systems, LLC., ("Equifax or Defendant") is a limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

48. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious names. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiffs. Plaintiffs will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

49. At all relevant times, the conduct of each defendant named above, as well as that

10

**FIRST AMENDED COMPLAINT FOR DAMAGES**

of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs.

50.  At all times mentioned herein, each defendant and employee of defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiffs. Defendant approved, authorized and/or ratified the wrongful acts and omissions herein.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)
### Ocwen and OneWest Only

51.  Plaintiffs repeat the foregoing paragraphs as if fully reinstated herein.

52.  Plaintiffs are "consumers" as defined by 15 U.S.C. §1681a. And, defendant Ocwen and OneWest are "persons" as defined by 15 U.S.C. § 1681a(b). Equifax as mentioned above is a consumer credit reporting agency.

53.  OneWest and Ocwen are furnishers as that term is defined by the Fair Credit Reporting Act and Civil Code §1785.25(a).

54.  Within the last two years, Ocwen and OneWest furnished false, inaccurate and incomplete information to the credit reporting agencies.

55.  Defendants Ocwen and OneWest violated 15 U.S.C. §1681n and §1681o by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

56.  Defendants willfully and negligently failed to conduct an investigation of the false and inaccurate information that plaintiffs disputed;

57.  Defendants willfully and negligently failed to review all relevant information concerning plaintiffs accounts;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

58. Defendants willfully and negligently failed to report the results of investigations to Equifax;

59. Defendants willfully and negligently failed to report the inaccurate and false status of the information to the credit reporting agencies;

60. Defendants willfully and negligently failed to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the false and inaccurate information disputed by plaintiffs;

61. Defendants willfully and negligently failed to provide the credit reporting agencies with the factual information and evidence plaintiffs submitted to defendants that proved that the information concerning plaintiffs' credit reports was false and inaccurate;

62. Defendants willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiffs' account to the credit reporting agencies; and

63. Defendants willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

64. As a result plaintiffs have been damages and seek actual, statutory and punitive damages for Ocwen and OneWest's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

**SECOND CLAIM FOR RELIEF**
**Civ. Code §1785.25(a)**
**Ocwen and OneWest Only**

65. Plaintiffs repeat the foregoing paragraphs as if fully reinstated herein.

66. Ocwen and OneWest negligently and willfully furnished information to the credit reporting agencies with respect to plaintiffs it knew or should have known was inaccurate, misleading and incomplete.

67. Ocwen and OneWest failed to conduct a reasonable investigation as to whether its credit reporting with respect to plaintiffs was accurate, misleading or incomplete.

12

**FIRST AMENDED COMPLAINT FOR DAMAGES**

68.  Plaintiffs are entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code §1785.31, as a result of Ocwen and OneWest's willful and malicious conduct.

### THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681b and §1681q Impermissible Pull
### Ocwen and OneWest Only

69.  Plaintiffs repeat the foregoing paragraphs as if fully reinstated herein.

70.  Ocwen negligently and willfully violated the 15 U.S.C. §1681b by obtaining and using plaintiffs' consumer credit reports without a permissible purpose.

71.  OneWest negligently and willfully violated the 15 U.S.C. §1681b by obtaining and using Alex Lopez's consumer credit reports without a permissible purpose.

72.  Ocwen knowingly and willfully obtained plaintiffs' consumer report under false pretenses in violation of 15 U.S.C. § 1681q.

73.  OneWest knowingly and willfully obtained Alex Lopez's consumer report under false pretenses in violation of 15 U.S.C. § 1681q.

74.  As a result plaintiffs have been damaged and seek actual, statutory and punitive damages for Ocwen and OneWest's negligent and willful violations of the FCRA pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1691o.

### FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i and §1681e
### Equifax Only

75.  Plaintiffs repeat the foregoing paragraphs as if fully reinstated herein.

76.  Within the two years preceding the filing of this complaint, plaintiffs notified Equifax of inaccuracies contained in its reports and they asked Equifax to correct those inaccuracies.

77.  Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs disputed. Equifax failed to review and consider all relevant information submitted by plaintiffs. And, Equifax failed to provide timely and complete notification to the furnisher

**FIRST AMENDED COMPLAINT FOR DAMAGES**

of the disputed information. As such, Equifax negligently and willfully violated 15 U.S.C. §1681i.

78.  Equifax failed to comply and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

79.  As a result, plaintiffs have been damaged and seek actual, statutory and punitive damages for Equifax's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.   For actual damages and punitive damages pursuant to Civ. Code §3294;

2.   For statutory, actual and punitive damages, pursuant to 15 U.S.C § 1681n, §1681o.

3.   For statutory, actual and punitive damages pursuant to Civ. Code §1785.31, as well as injunctive relief;

4.   For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to the Civ. Code §1785.31 and 15 U.S.C § 1681n, §1681o;

5.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: April 9, 2015

/s/ Balam O. Letona
_____

Balam O. Letona, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs Alex and Maria Lopez hereby demand a trial by

14

**FIRST AMENDED COMPLAINT FOR DAMAGES**

jury of all triable issues of fact in the above-captioned case.

/s/ Balam O. Letona
_____

Balam O. Letona, Esq.

15

**FIRST AMENDED COMPLAINT FOR DAMAGES**