E-Filed 12/18/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CIT BANK, N.A., et al.,<br><br>    Defendants. | Case No.  15-cv-00759-BLF   (HRL)<br><br>**ORDER GRANTING MOTION TO PERMIT DEPOSITIONS BY REMOTE MEANS**<br><br>Re: Dkt. No. 55 |

Plaintiffs in this Fair Credit Reporting Act case filed an ex parte administrative motion for an order that permits all depositions in this case to be taken by remote means. Plaintiffs argue that future depositions are likely to take place in Texas and Michigan, that remote depositions are effective and efficient in counsel's experience, and that Defendants have violated the undersigned's standing order regarding civil discovery disputes by refusing to discuss this dispute in person. Dkt. No. 55. Defendants raise three arguments in an opposition brief: (1) Plaintiffs' motion is mislabeled because it is not truly administrative and it is not truly ex parte, Dkt. No. 58 at 2; (2) the dispute is not ripe, because this dispute should be resolved on a deposition-by-deposition basis and there is no particular pending deposition for which a phonecall or videoconference would be appropriate, Dkt. No. 58 at 2-3; and (3) Federal Rule of Civil Procedure ("FRCP") 37(a)(2) requires Plaintiffs to file their motion in the district where they seek the deposition. Defendants also assert that remote depositions may be ineffective if the selected technology performs poorly and that remote depositions tend to be more burdensome than physical travel when the deposition involves the analysis of several complicated exhibits. Dkt. No. 58 at 2-3.

The court has read Plaintiffs' motion, Defendants' opposition brief, and the declaration filed by Defendants' counsel in support of the opposition brief. The motion to permit depositions

by remote means is granted.

**Discussion**

The court, as a preliminary matter, rejects the argument that this motion is in the wrong court. FRCP 37(a)(2) requires that motions to compel production from a non-party be filed "in the court where discovery is or will be taken" but Plaintiffs' motion is not a motion to compel production.

The court also rejects the argument that the dispute is not ripe. All discovery disputes have been referred to the undersigned. The presiding district judge did not, upon referral, rule on any outstanding discovery disputes. Dkt. No. 45 at 2. Plaintiffs ask to conduct all future depositions remotely and Defendants refuse to stipulate to that request. The dispute is ripe.

The court agrees that Plaintiffs have misclassified their motion. A proper ex parte motion under Civil Local Rule 7-10 cites to the law or rule that would justify the ex parte designation, but Plaintiffs' motion includes no such citation. Similarly, the motion is not an administrative motion. Civil Local Rule 7-11 defines an administrative motion as one that deals with miscellaneous administrative issues which are not governed by a federal law, federal rule, local rule, or standing order. FRCP 30(b)(4) allows for remote depositions pursuant to stipulations or court orders, and Plaintiffs have therefore filed a substantive discovery motion under FRCP 30(b)(4) rather than an administrative motion under Civil Local Rule 7-11.

The undersigned's standing order regarding civil discovery disputes directs parties to file discovery dispute joint reports instead of discovery motions. On the other hand, the standing order also directs parties to hold face-to-face conversations about outstanding discovery disputes before they file joint reports, and the standing order warns that undue delay in arranging a requested face-to-face meeting may justify the entry of an order against the dilatory party. Plaintiffs assert that the filing of their motion became necessary because Defendants, in violation of the standing order, repeatedly refused to discuss this discovery dispute in person. Defendants do not squarely refute that assertion; rather, at best, Defendants appear to imply that they have complied with the spirit of the standing order because they are willing to discuss the dispute on a "narrow" deposition-by-deposition basis. Dkt. No. 58-1 at 2-3; *see also* Dkt. No. 58 at 3-4. The court rejects that

argument—the dispute is whether to permit all future depositions by remote means, and refusal to timely discuss that particular dispute face-to-face does not comply with either the letter or spirit of the undersigned's standing order. The court is persuaded that Defendants have violated the undersigned's standing order by rejecting Plaintiffs' requests for a face-to-face conversation about this discovery dispute. Defendants' violation of the standing order weighs heavily in favor of granting Plaintiffs' motion.

The court is also persuaded by the merits of Plaintiffs' motion. This court has repeatedly observed that remote videoconference depositions conducted through software like Skype tend to be an effective and efficient means of reducing costs. *Guillen v. Bank of America Corp.*, Civ. No. 10-5825-EJD (PSG), Dkt. No. 78 at 1-2; *see also Trejo v. Macy's Inc. et al.*, Civ. No. 13-2064-LHK, Dkt. No. 52 at 2-3. Likewise, this court has noted that leave to conduct depositions by telephone should be liberally granted and that a desire to save money constitutes good cause to depose out-of-state witnesses through remote means. *Guillen*, *supra* at 1; *Trejo*, *supra* at 3. Defendants' counsel has argued that technical problems might make remote depositions ineffective, Dkt. No. 58 at 2-3, but the court rejects that argument as speculative. Plaintiffs' counsel asserts that he has conducted "more than" eight remote depositions within the last year and that those depositions were "effective, efficient and cost effective." Dkt. No. 55 at 2. Plaintiffs' counsel has experience with conducting remote depositions, and the parties can work together to select a reliable and effective means for taking remote depositions in this case.

Defendants also argue that reviewing several complicated exhibits remotely would be impracticable and that, in contrast, traveling between California and Florida for depositions would be less burdensome. Dkt. No. 58 at 3-4. The court disagrees. Modern videoconference software permits participants to quickly and conveniently share documents and images with each other. For instance, Google's Hangouts software permits a conference call participant to broadcast a live video feed of a digital document while she reviews that document on her computer, which allows for the convenient joint review of specific pages contained within complicated documents. Similarly, the court is not persuaded that it would be burdensome to discuss complicated documents through a phone call if each phone-call participant has received Bates-stamped copies

of the documents. The court therefore believes that the burden of flying out of town for a deposition outweighs the minimal burden of remotely reviewing documents.

## Conclusion

Defendants were not prejudiced when Plaintiffs misclassified their motion and the court shall not deny Plaintiffs' motion on the basis of the misclassification. The court is persuaded that Defendants have violated the undersigned's standing order by refusing Plaintiffs' request to hold a face-to-face discussion about whether all future depositions should be taken by remote means. The court is also persuaded that remote depositions would be effective, efficient, and cost-effective in this case. The motion for permission to conduct depositions by remote means is granted, both due to Defendants' violation of the undersigned's standing order and due to the merits of Plaintiffs' request.

**IT IS SO ORDERED.**

Dated: 12/18/15

_____
HOWARD R. LLOYD
United States Magistrate Judge